**Keith David BARTON,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–7779.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 31, 1984.[*]

Decided July 13, 1984.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(a) and Fed.R.App.P. 34(a).

Keith David Barton, pro se.

Glenn L. Archer, Michael L. Paup, Gilbert E. Andrews, Dept. of Justice, Kenneth W. Gideon, I.R.S., Washington, D.C., Emory L. Langdon, San Francisco, Cal., Harry Asch, I.R.S., Los Angeles, Cal., for respondent-appellee.

Before BROWNING, Chief Judge, WALLACE and POOLE, Circuit Judges.

PER CURIAM:

Petitioner appeals from a Tax Court decision assessing a deficiency of $622 on his 1978 federal income taxes. On his return, petitioner claimed that amount "as a credit for conscientious objection to war," corresponding to "a conservative estimate" of the proportion of the federal budget devoted to the military. Petitioner maintained before both the Tax Court and this court that the ninth amendment to the Constitution affords the right not to pay taxes for activities that conflict with the taxpayer's considered moral values. The Tax Court did not question the sincerity of petitioner's moral convictions.

Assuming the existence of a right to conscientious objections to war protected by the ninth amendment of the United States Constitution, such a right would not justify appellant's failure to pay the tax deficiency at issue in this case.

"[W]hen objection is made that the exercise of a federal power infringes upon rights reserved by the ninth and tenth amendments, the inquiry must be directed toward the granted power under which the action of the Union was taken. If granted power is found, necessarily the objection of invasion of those rights, reserved by the ninth and tenth amendments, must fail." *United Public Workers v. Mitchell,* 330 U.S. 75, 96, 67 S.Ct. 556, 567, 91 L.Ed. 754 (1947). Appellant's objection is to an exercise of power granted by the Constitution. Article I, section eight of the Constitution specifically grants Congress the power to collect taxes and use the revenues for the national defense. Appellant has not demonstrated that Congress has exceeded any specific limitation on this authorization to collect taxes. The ninth amendment, therefore, does not validate his claim for a tax credit proportionate to the percentage of the national budget expended for defense.

Even rights specifically enumerated in the Constitution have been held not to provide a sufficient basis for refusing to pay tax. In *United States v. Lee,* 455 U.S. 252, 260–61, 102 S.Ct. 1051, 1056–57, 71 L.Ed.2d 127 (1982), the Supreme Court rejected a similar claim based on the freedom of religion guaranteed by the first amendment. In doing so, the Court drew an analogy to an exemption from income tax proportionate to the percentage of the budget devot-

ed to military expenditures and determined that such an exemption based upon first amendment rights would undermine the tax system. *Id.* Appellant makes the same claim in this case but grounded upon rights asserted under the ninth amendment. If the specific protections of the first amendment do not afford a basis for refusing to pay tax, then neither can the more novel claims raised by appellant under the ninth amendment. *See also Autenrieth v. Cullen,* 418 F.2d 586, 588–89 (9th Cir.1969).

The decision of the Tax Court is AFFIRMED.