**Gordon M. BROWNE and Edith C. Browne, Plaintiffs–Appellants,**

v.

**UNITED STATES of America dba Internal Revenue Service, Defendant–Appellee.**

No. 98–6124.

United States Court of Appeals, Second Circuit.

Argued Feb. 26, 1999.

Decided May 14, 1999.

8.  For the same reason, the court's failure to instruct the jury on the housing codes was not an abuse of discretion.

J.E. McNeil, Esq., Jordan, McNeil & Ricks, P.C., Washington, DC, for Plaintiffs–Appellants.

Michelle B. O'Connor, Attorney, Tax Division, Department of Justice, Washington, DC, for Defendant–Appellee.

Before: WALKER, POOLER, and HEANEY,* Circuit Judges.

HEANEY, Senior Circuit Judge:

Gordon and Edith Browne appeal from a final judgment on the pleadings entered on May 18, 1998, in the United States District Court for the District of Vermont, J. Garvan Murtha, *Chief Judge,* dismissing a refund action for penalties and interest based on the hardship waiver provisions provided in Internal Revenue Code (IRC) § 6651(a)(2), Treas. Reg. § 301.6651–1(c)(1), IRS Policy Statement P–2–7 and IRM 5172.11 and .12, IRC § 6404, and IRC § 6654(e)(3)(A) in conjunction with the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA") and the First Amendment of the Constitution and declining to order the IRS to use levy procedures without interest or penalties to collect the portion of their taxes which they withhold for religious reasons. Accordingly, the judgment of the district court is affirmed.

The Brownes are members of the Religious Society of Friends, more commonly referred to as the Quakers. Based on their deeply held religious beliefs in opposition to any participation in war, in 1993, 1994, and 1995 the Brownes withheld that portion of their tax liability which they computed would be allocated to the Department of Defense. The IRS subsequently levied the Brownes for the taxes owing and assessed penalties and interest. Relying on RFRA and the First Amendment's guarantee of freedom of religion, the Brownes contend that the IRS must allow them to withhold a portion of their taxes and then collect it by levy without charging interest or a penalty.

■■■ The Brownes' First Amendment claim fails because they are required to comply with the tax laws despite religious-based disagreement with the allocation of certain funds. *See Employment Div., Dep't of Human Resources of Oregon v. Smith,* 494 U.S. 872, 878–79, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) ("We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law . . . ."); *see also United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982) ("Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax."). Furthermore, they are not entitled to force the IRS to levy the taxes due at additional time and expense. *See Smith,* 494 U.S. at 878–79, 110 S.Ct. 1595. The Brownes' RFRA claim must also fail because voluntary compliance is the least restrictive means by which the IRS furthers the compelling governmental interest in uniform, mandatory participation in the federal income tax system. *See Adams v. Comm'r of Internal Revenue,* 170 F.3d 173, 176 (3d Cir. 1999) (affirming the imposition of penalties and holding that the government's failure to accommodate her religious beliefs by ensuring her tax payments did not fund the military did not violate RFRA).

* The Honorable Gerald W. Heaney, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.