Leroy STUBBLEFIELD; Daniel Scott Russell; Clarence Van Dehey, Plaintiffs—Appellants,

v.

Alberto R. GONZALES, Attorney General, in his official capacity as United States Attorney General; ASA Hutchinson, in his official capacity as Administrator of the Drug Enforcement Administration; Kenneth W. Magee, in his official capacity as Administrator of the Drug Enforcement Administration, Portland; United States of America; United States Department of Justice; Drug Enforcement Administration, Defendants—Appellees.

No. 03–35602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.*

Decided Sept. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Ann B. Witte, Esq., Portland, OR, for Plaintiffs—Appellants.

James L. Sutherland, Esq., USEU—Office of the U.S. Attorney, Eugene, OR, Mark B. Stern, Esq., Justice Dept. Civil Div. App Staff, Washington, DC, Alisa B. Klein, Esq., for Defendants—Appellees.

Before: FISHER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Plaintiffs–Appellants Leroy Stubblefield, Daniel Scott Russell and Clarence Van Dehey appeal the district court order dismissing their complaint seeking a declaration that the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 *et seq.*, may not be enforced against them insofar as they grow, possess and use marijuana for medical treatment pursuant to the Oregon Medical Marijuana Act ("OMMA"), O.R.S. §§ 475.300 *et seq.*, and seeking an injunction so enjoining the enforcement of the CSA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the district court's order *de novo. Decker v. Advantage Fund. Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004). Because the parties are familiar with the factual and procedural history, we do not repeat it here except to the extent necessary for our disposition.

### I.

Appellants advance first a statutory argument: that they are "ultimate user[s]" of marijuana as defined by the CSA and, thus, exempt from its provisions. This argument is twice flawed.

*First,* the CSA defines an "ultimate user" in relevant part as "a person who has *lawfully obtained,* and who [thereby] possesses, a controlled substance for his own use. . . ." 21 U.S.C. § 802(27) (emphasis added). Appellants did not lawfully obtain their marijuana. Rather, they concede that they cultivated or harvested their marijuana. Pursuant to the CSA, the "planting, cultivation, growing, or harvesting of a controlled substance" constitutes its "production," 21 U.S.C. § 802(22), which, in turn, constitutes its "manufacture." 21 U.S.C. § 802(15). Marijuana is a Schedule I controlled substance, 21 C.F.R. § 1308.11(d)(22), and, thus, may be lawfully manufactured only for use in federally approved research projects. *Gonzalez v. Raich,* —— U.S. ——, ——, ——, 125 S.Ct. 2195, 2204, 2210, 162 L.Ed.2d 1 (2005) (citing *United States v. Oakland Cannabis Buyers' Coop.,* 532 U.S. 483, 490, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001));

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

see also 21 U.S.C. §§ 823(f), 841(a)(1). Accordingly, absent such a research project, Appellants are not "ultimate user[s]" of marijuana and, thus, their mere possession of it violates the CSA. *Raich*, 125 S.Ct. at 2204, 125 S.Ct. 2195 (citing 21 U.S.C. § 844(a)), 2210. Finally, to the extent the OMMA may conflict, the CSA, if constitutional, preempts it. *Id.* at 2212–13 (citing U.S. Const. art. VI, § 1, cl. 2).

*Second*, even if Appellants qualified as "ultimate user[s]," that would permit them only to "lawfully possess" marijuana for certain specified purposes. 21 U.S.C. § 822(c)(3). By contrast, it would not permit them to manufacture marijuana, as they concede they have done.

## II.

Appellants argue in the alternative that the CSA as applied to them is unconstitutional insofar as it violates the Commerce Clause and the Ninth and Tenth Amendments. We disagree.

## A.

Congress's regulation of the manufacture and possession of marijuana "is squarely within Congress'[s] commerce power," *Raich*, 125 S.Ct. at 2207, even insofar as it may bear upon "the intrastate, noncommercial cultivation, possession and use of marijuana for personal medical purposes on the advice of a physician and in accordance with state law." *Id.* at 2211 (internal quotation marks omitted).

## B.

We have repeatedly observed that the Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490

(9th Cir.1991) (holding that the plaintiff's argument that his discharge from the Navy on the ground that he was bisexual violated the Ninth Amendment was "meritless"); *accord San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir.1996) (holding that "the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to bear firearms").

So long as Congress does not exceed a "specific limitation" on a grant of power, it does not violate the Ninth Amendment. *Barton v. CIR*, 737 F.2d 822, 823 (9th Cir.1984). The CSA does not exceed Congress's power to regulate interstate commerce, *Raich*, 125 S.Ct. at 2207, and Appellants have not advanced a valid "specific limitation" independent of the Ninth Amendment. Thus, Appellants have no Ninth Amendment right to manufacture and possess marijuana even for medicinal purposes.

## C.

As the language of the Tenth Amendment evinces, "[i]f a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States...." *New York v. United States*, 505 U.S. 144, 156, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992); *accord Hodel v. Va. Surface Mining and Reclamation Ass'n, Inc.*, 452 U.S. 264, 291, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981). Hence, because Congress's regulation of the manufacture and possession of marijuana "is squarely within Congress'[s] commerce power," *Raich*, 125 S.Ct. at 2207, it does not violate the Tenth Amendment.

AFFIRMED.[1]

---

1. Having affirmed the district court's order, we deny as moot the government's motion for summary affirmance.