Daniel Taylor JENKINS, Petitioner–
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE Service, Respondent–
Appellee.

Docket No. 05–4756–ag.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 22, 2007.

Decided: March 6, 2007.

Frederick R. Dettmer, Pelham, NY, for Petitioner–Appellant.

Marion E.M. Erickson, (Eileen J. O'Connor, Assistant Attorney General, and Jonathan S. Cohen, Attorney, on the brief), Tax Division, United States Department of Justice, Washington, DC, for Respondent–Appellee.

Thomas Whyatt, Oxman Tulis Kirkpatrick Whyatt and Geiger LLP, White Plains, NY, for Amicus Curiae New York Yearly Meeting of the Religious Society of Friends.

Before KEARSE, CABRANES, and KATZMANN, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

We consider here the claim that religious objections to military activities or spending may form the basis for avoiding the payment of federal taxes. The claim is not new,[1] although it is presented in somewhat unusual garb.

Petitioner Daniel Taylor Jenkins, a religious objector to military spending, appeals a decision of the United States Tax Court granting respondent Commissioner of Internal Revenue's motion for summary judgment under Rule 121 of the United States Tax Court Rules of Practice and Procedure.[2] The Tax Court dismissed petitioner's amended petition, in which he claimed that the First and Ninth Amendments of the United States Constitution[3] afford him a right to retain the unpaid portion of his taxes on the basis of religious objections to military spending until such taxes can be directed to nonmilitary expenditures. The Tax Court also imposed a penalty of $5,000 pursuant to 26 U.S.C. § 6673(a)(1) based on its conclusion that petitioner's arguments were frivolous within the meaning of the statute.[4]

On appeal, petitioner argues that the Tax Court erred in (1) dismissing his claim

---

1. *See, e.g., United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982) (holding that the First Amendment does not afford members of the Amish sect a right to avoid payment of social security taxes); *Browne v. United States,* 176 F.3d 25 (2d Cir.1999) (holding that taxpayers cannot withhold the portion of their taxes which they calculate will be allocated for military purposes); *Adams v. Comm'r,* 170 F.3d 173 (3d Cir.1999) (holding that the government need not accommodate taxpayers whose religious beliefs lead them to oppose military funding); *United States v. Ramsey,* 992 F.2d 831, 833 (8th Cir. 1993) (holding that the First Amendment does not afford a right to avoid federal income taxes on religious grounds); *Jenney v. United States,* 755 F.2d 1384 (9th Cir.1985) (holding that taxpayers cannot withhold taxes based on conscientious objection to war); *Lull v. Comm'r,* 602 F.2d 1166, 1169 (4th Cir.1979) (same).

2. Tax Court Rule 121 provides in pertinent part,

A decision shall ... be rendered [upon motion for summary judgment] if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials ... show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Tax Ct. R. 121(b).

3. The First Amendment states, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

4. 26 U.S.C. § 6673(a)(1) provides,
Whenever it appears to the Tax Court that—
(A) proceeding before it have been instituted or maintained by the taxpayer primarily for delay,

that the First and Ninth Amendments afford him a right to withhold a portion of his taxes on account of his religious objections to military expenditures; (2) failing to determine whether accommodating his religious objections would be unduly burdensome under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.;* and (3) assessing a penalty for raising frivolous claims pursuant to 26 U.S.C. § 6673.

█ Although we do not doubt the sincerity of petitioner's religious convictions, we conclude that his legal arguments are without merit. It is well settled that the collection of tax revenues for expenditures that offend the religious beliefs of individual taxpayers does not violate the Free Exercise Clause of the First Amendment. *See United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982) (holding that Amish taxpayers cannot avoid payment of social security taxes under the First Amendment based on religious objections to participation in the social security system); *Browne v. United States,* 176 F.3d 25 (2d Cir.1999) (holding that the First Amendment does not afford a right to withhold the portion of an individual's

tax liability that would be allocated to the Department of Defense).

█ It is similarly well settled that RFRA does not afford a right to avoid payment of taxes for religious reasons. *Browne,* 176 F.3d at 26 (rejecting RFRA claim on the ground that "voluntary compliance is the least restrictive means by which the IRS furthers the compelling governmental interest in uniform, mandatory participation in the federal income tax system"); *see also Adams v. Comm'r,* 170 F.3d 173, 176 (3d Cir.1999) (same). Therefore, we need not discuss in detail the arguments to the contrary that are raised in petitioner's brief.[5]

█ We conclude that petitioner's Ninth Amendment claim is also without merit. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX. The Ninth Amendment is not an independent source of individual rights; rather, it provides a "rule of construction" that we apply in certain cases. *See United States v. Bifield,* 702 F.2d 342, 349 (2d Cir.1983). The rule dictates that the "[t]he full scope of the specific guarantees [in the Constitu-

---

(B) the taxpayer's position in such proceeding is frivolous or groundless, or
(C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

5. We merely note our disagreement with petitioner's assertion that the Supreme Court's recent decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006) breathes new life into his otherwise unsuccessful argument under the Religious Freedom Restoration Act of 1993. In *O Centro Espirita* the Court held that the government had not demonstrated a compelling interest in the uniform application of the Controlled

Substances Act to prohibit religious uses of an otherwise illegal drug. 126 S.Ct. at 1225. Although the Court in *O Centro Espirita* rejected the government's "categorical approach" to assessing the relevant religious burdens, it explicitly contrasted the claims at issue in *O Centro Espirita* with unsuccessful constitutional claims brought by taxpayers seeking to withhold taxes on religious grounds. *See id.* at 1223 (noting that *Lee* and other cases rejecting efforts to withhold payment of taxes "show that the Government *can* demonstrate a compelling interest in uniform application of a particular program by offering evidence that granting the requested religious accommodations would seriously compromise its ability to administer the program") (emphasis added).

tion] is not limited by the text, but embraces their purpose." *Id.*

Petitioner argues that the Ninth Amendment supports his asserted right to withhold payment of taxes that would be used for military spending. He relies on, *inter alia*, various eighteenth and nineteenth century provisions in the laws and the Constitution of the State of New York,[6] and several acts of the United States Congress,[7] which accommodated religious observers who objected to military service, or exempted religious objectors from paying taxes that would be used for military expenditures. *See* Petitioner's Br. 16–22. Petitioner argues on the basis of these provisions that "the right of conscience not to be compelled to participate in war making" was "an element of religious freedom at the time of the adoption of the United States Constitution and the Bill of Rights." *Id.* at 14–15. He therefore argues that the Tax Court erred when it failed to consider whether a right to withhold the portion of his taxes allocable for military spending "could be discerned in the First Amendment's prohibition of abridging the free exercise of one's faith *as elucidated by the Ninth Amendment's 'rule of construction,'*" *id.* at 14 (emphasis added).

Petitioner's Ninth Amendment argument fails because it amounts to a mere recasting of his unsuccessful First Amendment claim. His argument that the right to withhold the payment of taxes was an element of "religious freedom at the time of the adoption of the United States Constitution" is rooted in petitioner's historical interpretation of the principles embodied by the Free Exercise Clause. The argument is squarely foreclosed, however, by the Supreme Court's decision in *United States v. Lee.* In *Lee,* the Court considered claims by a member of the Amish faith that the assessment of social security taxes interfered with the right to practice his religion as guaranteed by the Free Exercise Clause. 455 U.S. at 255–57, 102 S.Ct. 1051. The Court rejected the petitioner's arguments, concluding that "[b]ecause the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes *affords no basis* for resisting the tax." *Id.* at 260, 102 S.Ct. 1051 (emphasis added). Indeed, the Court in *Lee* noted, albeit in dicta, that the Constitution similarly would not afford a right for religious adherents to withhold the portion of their taxes corresponding to the percentage of the federal budget allocated for "war-related activities." *Id.*

The sincere religious beliefs of the petitioner in the case before us similarly "afford[ ] no basis for resisting" payment of his taxes where, as here, the "broad public interest in maintaining a sound tax system" is not meaningfully disputed, *id.,* and where Congress's constitutional authority to impose the taxes in question is beyond doubt. *See United Public Workers v. Mitchell,* 330 U.S. 75, 96, 67 S.Ct. 556, 91 L.Ed. 754 (1947) ("[W]hen objection is made that the exercise of a federal power infringes upon rights reserved by the Ninth and Tenth Amendments, the inquiry must be directed toward the granted power under which the action of the Union was taken. If granted power is found, necessarily the objection of invasion of those

---

6. *See, e.g.* Act of Apr. 15, 1814, ch. 200, Art. XXIII, 1814 N.Y. Laws 251, 253 (providing that money received from Quakers would not be used to support the state militia but would instead be allocated for educational and charitable purposes).

7. *See, e.g.,* Act of May 8, 1792, ch. 33, § 2, 1 Stat. 271, 272 (requiring enrollment in federal militia but exempting all persons subject to exemptions under state law).

rights, reserved by the Ninth and Tenth Amendments, must fail."); *see also Barton v. Comm'r*, 737 F.2d 822, 823 (9th Cir. 1984) (rejecting taxpayer's claim that the Ninth Amendment afforded him the right to withhold taxes allocable for military purposes because, *inter alia,* "Article I, section eight of the Constitution specifically grants Congress the power to collect taxes ... for the national defense").

We agree with the Ninth Circuit's decision in *Barton,* which held, in a case substantially similar to the one at bar, that the Ninth Amendment did not support an individual's efforts to avoid payment of taxes based on his genuinely held religious objections to military expenditures. *See id.* at 823–24 ("If the specific protections of the first amendment do not afford a basis for refusing to pay tax, then neither can the more novel claims raised by appellant under the ninth amendment."). We hold that petitioner cannot bolster or enhance an unavailing First Amendment argument merely by presenting it in the dress of a Ninth Amendment claim.

■ Finally, we address petitioner's argument that the Tax Court abused its discretion by assessing a penalty of $5,000 pursuant to 26 U.S.C. § 6673(a)(1), *see* note 4, *ante.* We conclude that no abuse of discretion occurred here. For the reasons stated in our discussion above, any reasonable possibility of petitioner's success on the merits was squarely foreclosed by long-settled case law. Accordingly, the Tax Court properly concluded that petitioner's claims were "frivolous" or "groundless" within the meaning of the statute. 26 U.S.C. § 6673(a)(1); *see Burke v. Comm'r*, 929 F.2d 110, 116 (2d Cir.1991) (affirming imposition of penalties on taxpayer who argued, *inter alia,* that the Tax Court was unconstitutional).

Even assuming that petitioner's one arguably novel claim—namely, his Ninth Amendment argument—was not explicitly and unambiguously foreclosed by existing Second Circuit precedent, we nevertheless find that the Tax Court did not abuse its discretion in assessing the penalty. First, we agree with the Tax Court's conclusion that, despite taking a slightly new form, petitioner's argument was "representative of a class of arguments that have universally been rejected by [the Tax Court] and other courts." *Jenkins v. Comm'r*, No. 20217–03L (Tax Ct. March 3, 2005). Second, the Tax Court's decision to assess a penalty is supported by the fact that petitioner previously raised a similar unsuccessful challenge in Tax Court, in which he argued that the First Amendment afforded him a right to avoid paying taxes allocable for military expenditures. In rejecting his arguments on this previous occasion, the Tax Court explicitly noted that "[i]t is a fundamental principle of tax law that a taxpayer has no right to reduce his Federal tax liability on the ground that governmental policies or expenditures conflict with his religious or moral convictions, no matter how sincerely those convictions may be held." *Jenkins v. Comm'r*, No. 4251–87S (Tax Ct. Dec. 28, 1987). Petitioner therefore received full and adequate notice during the prior action that any future efforts to resist payment of taxes would almost certainly fail. *Cf. Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir.1989) (reversing the District Court's imposition of sanctions under FED.R.CIV.P. 11 because there was "*nothing in the record to indicate that [the appellant] knew or should have known* that his motion to reopen case was time-barred" (emphasis added) (internal quotation marks omitted)). Accordingly, the Tax Court did not abuse its discretion when imposing a penalty in the instant case. *Cf. Burke*, 929 F.2d at 116 (affirming imposition of a penalty by the Tax Court and noting that "we

have recently ruled that sanctions can be imposed pursuant to Fed. R.App. P. 38 where, even if one issue is deemed valid, the bulk of [appellant's] claims are completely devoid of merit" (internal quotation marks omitted)).

\* \* \* \*

For the reasons stated above, the decision of the Tax Court is AFFIRMED.