**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011
Decided May 20, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3877

| | |
|---|---|
| WILLIAM E. RUHAAK, <br>     *Petitioner-Appellant*, <br><br>     *v.* <br><br> COMMISSIONER OF INTERNAL REVENUE, <br>     *Respondent-Appellee*. | Appeal from the United States Tax Court. <br><br> No. 27423-08L <br><br> Richard T. Morrison, <br> *Judge*. |

**O R D E R**

William E. Ruhaak appeals from the Tax Court's decision ordering him to pay federal income taxes for 2007. He argues that the Internal Revenue Service should have considered his argument that a conscience-based objection to military spending is a valid basis for refusing to pay taxes. We affirm.

Ruhaak refuses to pay federal taxes that would fund the military. Instead he wants to either donate this portion of his taxes to organizations fostering peace or have his taxes earmarked for nonmilitary purposes. When Ruhaak failed to pay a balance from his 2007 taxes, the IRS sent him a notice of intent to levy, warning him that his failure to pay $2,399 in taxes, interest, and penalties would result in seizure of his property to satisfy the overdue

tax obligations. The IRS Appeals Office scheduled a conference with Ruhaak and explained that Treasury regulations did not permit it to consider challenges on moral, religious, political, constitutional, or conscientious grounds. Ruhaak appealed to the Tax Court, arguing that the IRS should have allowed him to show that he is exempt from paying taxes that support the military because he is a "victim of freedom of conscience" as defined by Article 18 of the Universal Declaration of Human Rights. The Tax Court found this claim frivolous, *see* I.R.C. §§ 6330(c)(4)(B), 6702(b)(2)(A)(i); I.R.S. Notice 08-14, 2008-4 I.R.B. 310, at (1)(h), and granted summary judgment to the commissioner.

On appeal, Ruhaak reiterates that the IRS and the Tax Court should have considered his conscience-based objection and argues that federal regulations barring appeals from tax liability on conscientious grounds, *see* Treas. Reg. § 601.106(b), violate Article 18 of the International Covenant on Civil and Political Rights ("ICCPR"), which provides for the right to freedom of conscience. Ruhaak argues that the United States, as a party to the covenant, must bring its regulations into compliance with the ICCPR and give him an opportunity to make his freedom-of-conscience argument.

The Tax Court properly granted summary judgment for the commissioner. Taxpayers have no constitutional or statutory right to withhold taxes based on moral or religious objections to government expenditures. *See Jenkins v. Comm'r*, 483 F.3d 90, 91-93 (2d Cir. 2007); *Browne v. United States*, 176 F.3d 25, 26 (2d Cir. 1999); *First v. Comm'r*, 547 F.2d 45, 45-46 (7th Cir. 1976). The tax system could not function if taxpayers could avoid taxes based on religious, moral, or conscientious objections, so any burden placed on Ruhaak's First Amendment rights is justified by the government's interest in maintaining a sound and efficient tax system. *See Hernandez v. Comm'r*, 490 U.S. 680, 699-700 (1989); *United States v. Indianapolis Baptist Temple*, 224 F.3d 627, 630 (7th Cir. 2000); *McLaughlin v. Comm'r*, 832 F.2d 986, 987-88 (7th Cir. 1987). Nor do the ICCPR or the Universal Declaration of Human Rights help Ruhaak's claim. The United States has ratified the ICCPR, but the substantive provisions are not self-executing and do not create enforceable obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 728, 734-35 (2004); *Clancy v. Office of Foreign Assets Control*, 559 F.3d 595, 604 (7th Cir. 2009). And the Universal Declaration of Human Rights is a statement of principles and not a treaty or international agreement imposing legal obligations. *See Sosa*, 542 U.S. 692 at 734-35.

Because the arguments Ruhaak pursues on appeal are frivolous, we affirm the decision of the Tax Court. We also direct Ruhaak to show cause within 14 days why we should not impose a sanction of $4,000, the presumptive sanction for filing a frivolous appeal in a tax case. See *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).