**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-4593

———————

FRED CLAYWORTH,
individually and as parent and natural guardian of G.H.,

Appellant

v.

LUZERNE COUNTY, PENNSYLVANIA; LUZERNE COUNTY CHILDREN &
YOUTH SERVICES; FRANK CASTANO; JOSEPH KLOSS; JOHN KOSLOSKI;
TARA MCCUTCHEON; WILMA SNOPEK; and JOANNE VAN SAUN

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-11-cv-00254)
District Judge: Honorable A. Richard Caputo

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2012

Before: FUENTES, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed : May 15, 2013)

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Fred Clayworth, individually and as the parent and natural guardian of G.H., appeals from the District Court's December 6, 2011 judgment, which dismissed his 42 U.S.C. § 1983 suit. For the reasons that follow, we will affirm the judgment entered by the District Court.

## I. Background

On September 8, 2011, after the District Court granted the defendants' motion to dismiss the complaint, Clayworth filed an amended complaint against Luzerne County, Pennsylvania (Luzerne County), Luzerne County Children & Youth Services (CYS), and individual employees Frank Castano, Joseph Kloss, John Kosloski, Tara McCutcheon, Wilma Snopek, and Joanne Van Saun, alleging that the defendants deprived him and his daughter of various constitutional rights.

According to the amended complaint, G.H. was born on November 30, 2004. Clayworth is the natural father of G.H. Clayworth and G.H.'s natural mother were not married at the time of G.H.'s birth, nor were they ever married. Prior to G.H.'s birth, G.H.'s natural mother informed CYS that she did not want the baby. Luzerne County and CYS arranged an adoption. Immediately upon G.H.'s birth, G.H.'s natural mother gave G.H. to CYS. Shortly thereafter, Clayworth learned of G.H.'s birth and immediately told CYS that he believed he was her father. Clayworth stated that he would take a paternity test and if the test showed he was G.H.'s father, he would raise her. On March 3, 2005, a paternity test confirmed that Clayworth was G.H.'s father.

2

Clayworth does not have a criminal record, a history of physical abuse of children, or a history of drug or alcohol abuse. Nevertheless, the defendants placed G.H. in foster care. Over the next four years, Clayworth sought custody of G.H. The defendants placed obstacles in his way, requiring Clayworth to submit to drug and alcohol testing, multiple mental health evaluations, psychotherapy, court proceedings, parenting classes, home study, limited and supervised access to G.H., and constant scrutiny of his interactions with G.H. On May 29, 2009, after approximately four and a half years, Clayworth gained permanent custody of G.H. and has raised her ever since. Clayworth contends that the defendants' decision to prevent him from raising his daughter was based on prejudice and bias.

On September 16, 2011, the defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). On December 6, 2011, the District Court granted the defendants' motion to dismiss and dismissed the Amended Complaint with prejudice.

Clayworth appealed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the

3

plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of N.Y.*, 577 F.3d 521, 526 (3d Cir. 2009).

III. <u>Discussion</u>

To state a claim under 42 U.S.C. § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived plaintiff of a right secured by the Constitution or the laws of the United States." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Clayworth contends that the District Court erred by dismissing all counts of the Amended Complaint for failure to state a claim. We address each in turn.

A. **Fourteenth Amendment**

To state a substantive due process claim under the Fourteenth Amendment, a plaintiff must establish that he has a protected constitutional interest at issue and that the defendants deprived him of it by engaging in conduct that "shocks the conscience." *See id.* at 219-20. Due process protects against arbitrary action, and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 219.

Clayworth has a constitutionally protected liberty interest in the custody, care, and management of his child. *See Croft v. Westmoreland Cnty. CYS*, 103 F.3d 1123, 1125 (3d Cir. 1997). This interest is not absolute, however, as the "liberty interest in familial integrity is limited by the compelling governmental interest in the protection of children." *Id.* Indeed, the record properly before the District Court suggests that the defendants conducted reasonable and proper investigation into Clayworth to determine if it was in G.H.'s best interests to award custody of her to Clayworth.

4

Thus, although Clayworth alleged that the defendants tried to terminate his parental rights, he failed to allege conduct sufficiently arbitrary to shock the conscience. For substantially the reasons stated by the District Court, we agree that the Fourteenth Amendment substantive due process claim should be dismissed for failure to state a claim.

## B. First Amendment

The First Amendment's right of expressive association protects the ability of individuals to gather in order to pursue "political, social, economic, educational, religious, and cultural ends." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984). As the District Court explained, Clayworth's First Amendment claim fails because the right he asserts—the right to intimate association with family members—is anchored instead in the Fourteenth Amendment. *See id.* at 617-20.

## C. Ninth Amendment

The Ninth Amendment states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment does not independently provide a source of individual constitutional rights. *See, e.g.*, *Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007). We will, therefore, affirm the dismissal of Clayworth's Ninth Amendment claim.

## D. Qualified Immunity

"The qualified immunity doctrine protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sharp v.*

5

*Johnson*, 669 F.3d 144, 159 (3d Cir. 2012). Because the Amended Complaint failed to allege the deprivation of a constitutional right, we need not address the issue of qualified immunity.

### E. Supervisory Liability

Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each government official has violated the Constitution through his own individual actions. *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011). A supervisor can be held liable through direct supervisor action or "actual knowledge and acquiescence" to constitutional violations. *Id.* at 72. For essentially the reasons stated by the District Court, Clayworth has failed to allege a claim of supervisory liability against Frank Castano, the Director of CYS.

### F. *Monell* Claim

A plaintiff who seeks to impose liability on the local government under § 1983 must prove that action pursuant to official municipal policy caused the injury. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978)). Because the Amended Complaint failed to allege a constitutional violation, Clayworth's *Monell* claim against the institutional defendants necessarily fails. *See Startzell v. City of Phila.*, 533 F.3d 183, 204 (3d Cir. 2008).

### G. § 1983 Conspiracy

To demonstrate the existence of a conspiracy under 42 U.S.C. § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d

6

685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).  Thus, because Clayworth failed to establish an underlying violation of his constitutional rights, his § 1983 conspiracy claim also fails.  *See id.*

## IV.  Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.