**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTANA CAREGIVERS
ASSOCIATION, LLC.; MCM
CAREGIVERS, INC.; RANDY M.
LEIBENGUTH; FOUR SEASONS
GARDENING; LUKE MULVAUGH;
PAUL SCHMIDT; EIGHT HELPING
CENTERS AND HELPING CENTER
FOUNDATIONS; AARON DURBAN;
MONTANA CANNABIS; SALT
SPRINGS, LLC; SLEEPING GIANT
CAREGIVERS, INC.; CHRISTOPHER
W. WILLIAMS; OUTLAW HILL
HEALTH SUSTAINABILITY
INSTITUTE; JOHN KEVIN MOORE,

           Plaintiffs - Appellants,

  v.

THE UNITED STATES OF AMERICA;
ERIC H. HOLDER, Jr., Attorney General;
MICHAEL W. COTTER; DEA SPECIAL
AGENT WESLEY K SMITH; JOHN
DOES 1-10; UNKNOWN DEA, ATF,
AND FBI AGENTS AND OFFICIAL,

           Defendants - Appellees.

No. 12-35110

D.C. No. 9:11-cv-00074-DWM

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 7, 2013[**]
Portland, Oregon

Before: GOODWIN, REINHARDT, and BERZON, Circuit Judges.

Appellants Montana Caregivers Association, LLC et al. ("Montana Caregivers") appeal the district court's dismissal of their amended complaint alleging violations of their Fourth, Fifth, Ninth, and Tenth Amendment rights, as well as a *Bivens* claim against federal officials for the alleged constitutional violations. We review *de novo* the district court's dismissal of a complaint pursuant to Federal Rule of Criminal Procedure 12(b)(6). *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 975 (9th Cir. 2012). We affirm.

**1.** Appellants' assertion that the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, exceeded Congress' commerce power is foreclosed by the Supreme Court's decision in *Gonzales v. Raich (Raich I)*, 545 U.S. 1 (2005). The regulation of marijuana under the CSA is "squarely within Congress' commerce power because production of the commodity . . . has a substantial effect on supply

_____

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and demand in the national market for that commodity." *Id.* at 19; *see also id.* at 25 (noting that "the activities regulated by the CSA are quintessentially economic"). Montana Cannabis Industry, participating as *Amicus Curiae* in support of Montana Caregivers' appeal, argues that we should reexamine the "substantial effects" doctrine. We may not do so, as we are bound by *Raich I*, a "directly control[ling]" decision by the Supreme Court. *Agostini v. Felton*, 521 U.S. 203, 237 (1997).

**2.** "[I]f Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment." *Raich v. Gonzales (Raich II)*, 500 F.3d 850, 867 (9th Cir. 2007) (quoting *United States v. Jones*, 231 F.3d 508, 515 (9th Cir. 2000)); *see also United States v. Jinian*, — F.3d —, 2013 WL 1198086, at *11 (9th Cir. Mar. 26, 2013). That conclusion "applies regardless of whether the federal legislation displaces laws enacted under the States' 'police powers.'" *Hodel v. Va. Surface Min. and Reclamation Ass'n, Inc.*, 452 U.S. 264, 291 (1981); *see also United States v. Comstock*, 130 S. Ct. 1949, 1962 (2010).

**3.** Montana Caregivers' Ninth Amendment claim fails for similar reasons. "[T]he Ninth Amendment 'has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.'" *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996)

3

(quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991)). So long as Congress acts pursuant to an enumerated power, and does not exceed a "specific limitation" on that power, an "objection . . . that the exercise of [that] power infringes upon rights served by the ninth and tenth amendments . . . must fail." *Barton v. C.I.R.*, 737 F.2d 822, 823 (9th Cir. 1984) (per curiam). Montana Caregivers do not allege that the government's enforcement of the CSA exceeded any such "special limitation."

**4.** Nor is there any merit to Montana Caregivers' argument that the Fifth and Ninth Amendments together protect a fundamental right to cultivate marijuana for medical purposes. That argument is squarely foreclosed by *Raich II*, which rejected the notion that "the Due Process Clause embraces a right to make a life-shaping decision on a physician's advice to use medical marijuana." 500 F.3d at 864. Montana Caregivers do not directly challenge that holding, which, in any event, could be overturned only by calling for en banc consideration. *See United States v. Parker*, 651 F.3d 1180, 1184 (9th Cir. 2011).

**5.** Montana Caregivers do not challenge the district court's dismissal of its Fourth Amendment, Fifth Amendment procedural due process, or *Bivens* claims.[1] Those claims are therefore waived. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

**AFFIRMED.**

---

[1] *Amicus* Montana Cannabis Industry does raise the Fourth Amendment, Fifth Amendment procedural due process, and *Bivens* claims. However, we "do not review issues raised only by an amicus curiae." *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1141 (9th Cir. 1998) (citing *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)).