**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENISE-BRADFORD: HOLMES,

    Plaintiff - Appellant,

v.

TOWN OF SILVER CITY; JAVIER
HERNANDEZ, Silver City Police Officer,

    Defendants - Appellees.

No. 19-2169
(D.C. No. 2:19-CV-00448-JAP-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

    Denise-Bradford: Holmes, appearing pro se, appeals the district court's orders

granting Silver City's motion to dismiss and Officer Javier Hernandez's motion for

summary judgment in her suit alleging various violations of her civil rights stemming

from a 2019 arrest.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On February 18, 2019, Officer Hernandez, a Silver City law-enforcement officer, was dispatched to investigate a female driving a truck without a driver's license, registration, or insurance. During the ensuing traffic stop, Officer Hernandez noticed "[t]he license plate on the pickup displayed 'Bradford Republic Diplomat.'" R. at 67. Officer Hernandez told Ms. Holmes he stopped her because she did not have a license plate on the vehicle, to which Ms. Holmes responded "she did not [need] a license plate because she was not a US citizen[;] [rather,] she was a 'state national.'" *Id*. Ms. Holmes further admitted she did not have a driver's license and failed to produce a registration or proof of insurance.

Officer Hernandez wrote Ms. Holmes three citations: driving without a license, driving an unregistered vehicle, and driving without proof of insurance. But when Officer Hernandez asked Ms. Holmes to sign the citations, she refused:

> I had [Ms. Holmes] sign the citations and she wrote where she was supposed to sign [only her name,] "UCC1-308." [Ms. Holmes] signed [her name] under it and I told her to only sign the citation and not write anything more. On the second citation [Ms. Holmes] wrote in "UCC1-308" again. I took the pen away from her and told her not to [] write that anymore. On the third citation [Ms. Holmes] started to write "UCC" and at that time I hold [her] to place her hands behind her back. I placed handcuffs on [Ms. Holmes] . . . [and then] placed [her] in my patrol car and transported her to the Silver City Police Department for paperwork.

*Id*.

When Ms. Holmes arrived at the police station, Officer Hernandez observed that "her right hand had blood from where the handcuff was and a bruise. [She] was

2

transported to [the local hospital] for a medical clearance and then to the . . .

[d]etention [c]enter for booking." *Id*. at 67-68.

The next day, Officer Hernandez filed a criminal complaint charging

Ms. Holmes with four violations of New Mexico law: (1) intentionally resisting or

abusing a peace officer in the lawful performance of his duties; (2) driving without a

valid driver's license; (3) failing to produce proof of insurance; and (4) failing to

produce a registration. The prosecutor declined to prosecute because "it would not

[be] in the best interests of justice to pursue this matter: to wit, [Ms. Holmes] has

been declared not competent to stand trial three times in 2018." *Id*. at 69.

Ms. Holmes filed suit against Officer Hernandez and Silver City under

42 U.S.C. § 1983. Officer Hernandez moved for summary judgment on the basis of

qualified immunity and Silver City moved to dismiss for failure to state a claim. The

district court granted both motions. Ms. Holmes appeals.[1]

---

[1] Ms. Holmes filed a motion to reconsider, which was denied by the district court. The court also denied Ms. Holmes's second motion to alter or amend the judgment. But because Ms. Holmes does not address any of the grounds for denial of these motions as required under Federal Rule of Appellate Procedure 28(a)(8)(A), she has waived an appellate challenge to these ruling. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and internal quotation marks omitted). Where, as here, issues "are not adequately briefed," or in this case, not briefed at all, they "will be deemed waived." *Id*. at 841 (internal quotation marks omitted).

## II. DISCUSSION

### A. Officer Hernandez

#### 1. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "When a defendant raises the qualified-immunity defense, the plaintiff must . . . establish (1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020). The court has discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Pearson*, 555 U.S. at 236.

#### 2. Standard of Review

"We review the grant of summary judgment on qualified immunity grounds de novo. Generally, summary judgment is warranted where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Kapinski v. City of Albuquerque*, 964 F.3d 900, 904 (10th Cir. 2020) (citations omitted).

"But our review of summary judgment orders in the qualified immunity context differs from that applicable to other summary judgment decisions." *Id*. (ellipsis and internal quotation marks omitted). "[W]here a defendant asserts

4

qualified immunity at the summary judgment stage, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established." *Id*. at 905 (internal quotation marks omitted). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment." *Id*. (internal quotation marks omitted).

### 3. Analysis

#### i. *Fifth Amendment*

According to Ms. Holmes, Officer Hernandez violated her Fifth Amendment rights during her arrest because he failed to inform of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). But even if this allegation is true, a *Miranda* violation "requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under [§ 1983]." *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976). Therefore, we affirm summary judgment on Ms. Holmes's Fifth Amendment claim.

#### ii. *False Arrest*

Although constitutional torts are not based on any specific state's tort law, "courts have used the common law of torts as a starting point for determining the contours of claims of constitutional violations under § 1983." *Pierce v. Gilchrist*, 359 F.3d 1279, 1286 (10th Cir. 2004) (internal quotation marks omitted). Under New Mexico law, there is no claim for false arrest when the "facts available to [a]

detaining officer would warrant [a] person of reasonable caution to believe [the] detention [is] appropriate." *Romero v. Sanchez*, 895 P.2d 212, 215 (N.M. 1995). In other words, the inquiry on a false arrest claim is whether the officer had a reasonable basis for the detention. "Reasonable grounds or probable cause exists when, at the moment the arrest was made the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." *State v. Johnson*, 930 P.2d 1148, 1153 (N.M. 1996) (ellipses, brackets and internal quotation marks omitted).

We agree with the district court that "when Officer Hernandez observed [Ms. Holmes's] vehicle did not have a valid license plate, and when Officer Hernandez discovered that [Ms. Holmes] had no vehicle registration, no valid driver's license, and no proof of insurance, he was entitled to either arrest or issue citations for those traffic offenses," R. at 118-19 (citing N.M. Stat. Ann. §§ 66-5-16, 66-5-229(C), & 66-3-13). Further, although Officer Hernandez initially determined to issue Ms. Holmes citations for these offenses, once she continued to write "UCC1-308," instead of simply signing her name as instructed, Officer Hernandez had probable cause to arrest her for obstructing an officer in the lawful discharge of his duties in violation of New Mexico law. *See* N.M. Stat. Ann § 30-22-1(D). There was no false arrest and summary judgment was proper on this claim.

### iii. *Malicious Prosecution*

"A malicious prosecution claim brought under the Fourth Amendment requires a showing that (1) the defendant caused the plaintiff's continued . . . prosecution;

6

(2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest . . . or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (internal quotation marks omitted).  As explained *infra*, there was probable cause to arrest Ms. Holmes, and therefore her malicious prosecution claim also fails.

### iv.  *Ninth Amendment*

The Ninth Amendment provides:  "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.  But "[t]he Ninth Amendment is not an independent source of individual rights; rather, it provides a rule of construction that we apply in certain cases."  *Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007) (internal quotation marks omitted).  As such, Ms. Holmes cannot pursue a claim for an alleged violation of the Ninth Amendment in a suit under § 1983, so summary judgment was proper.

### v.  *Foreign Sovereign Immunities Act*

We also agree with the district court that summary judgment was proper on Ms. Holmes's claim under the Foreign Sovereign Immunities Act (FSIA).  Ms. Holmes asserts that she is not a United States citizen but rather a diplomat of the foreign state of the Bradford Republic.  Even if we accepted those claims as true, however, Ms. Holmes cites no authority, and we are aware of none, that FSIA confers on her a private right of action against Officer Hernandez.

7

## B. Silver City

### 1. Municipal Liability

Absent a showing of constitutional injury, a municipality cannot be liable for damages, regardless of the existence of a policy or custom. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").

### 2. Standard of Review

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Waller*, 932 F.3d at 1282 (internal quotation marks omitted). "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

### 3. Analysis

Because we affirm summary judgment for Officer Hernandez on the ground that no constitutional violation was committed, the district court properly dismissed Ms. Holmes's claims against Silver City.

## C. Judicial Bias

Ms. Holmes, for the first time on appeal, argues the district court judge was biased against her as evidenced by his rulings. Her failure to raise the issue in district court limits us to plain-error review. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). But the problem for Ms. Holmes is that she has failed to argue for plain error, which "marks the end of the road for an argument

8

for reversal not first presented to the district court." *Id*. at 1131.  We thus decline to consider the argument.

### III.  CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge